THOMAS E. TRIPLER *vs.* CHARLES E. CAMPBELL.

NEWPORT—NOVEMBER 14, 1900.

PRESENT : Stiness, C. J., Tillinghast and Blodgett, JJ.

(1) *Mortgages. Conveyances. Right to Redeem.*

Agreement between A. and B., by the terms of which B. agreed to loan A. $5,000, taking as security certain real estate, the agreement providing for entry and possession on default of payment. By a contemporaneous deed A. conveyed the premises to B. in fee-simple, with covenants of warranty. The money due was not paid according to the terms of the agreement. Thereafter A. executed a quitclaim deed of the premises to B., a contemporaneous agreement between the parties providing that A. should have the right to demand a deed of the land upon the payment of a certain sum at a certain time and place, the payment of the sum at the time and place determined being made a "material consideration" of the agreement. Upon a bill brought by A. to redeem the premises after default in such payment :—

*Held,* that the first deed, by reason of the terms of the contemporaneous agreement, was a mortgage.

*Held,* further, that the second deed vested an absolute title to the premises in B., the agreement giving A. a right to purchase the premises within a time expressly limited and made material.

*Held,* further, that the bill must be dismissed.

BILL IN EQUITY seeking to redeem land from a mortgage. The facts were as follows :   On June 20, 1896, the respondent entered into an agreement with the complainant to loan the latter $5,000, and as security therefor the complainant agreed to convey the premises in question to the respondent.

On the same day the complainant conveyed the premises by warranty deed to the respondent. The final clause of the agreement was as follows : "And it is further agreed by and between the parties hereto that should the [complainant] make a default in the payment of the five thousand dollars loaned to him under this agreement the said [respondent] shall have the right to enter upon, take possession of, and enjoy the said lands and tenements as his own, anything in this agreement to the contrary notwithstanding." The money due was not paid. March 2, 1897, the complainant executed and delivered to the respondent a quitclaim deed of said premises, and on the same day the latter entered into a written agreement with the complainant to reconvey the premises. The agreement was as follows : " The [respondent] agrees to sell unto the [complainant] all that certain land and premises . . . and further agrees that on the 15th day of April, 1897, on receiving from the [complainant] the sum of . . . , he will execute and deliver . . . a proper deed of conveyance . . . It is further understood and agreed . . . that the payment of said sum . . . on the said 15th day of April, 1897, without further delay is a material consideration, moving unto the [respondent] in the making of this agreement ; that if said money be not paid on said day before three o'clock at 314 East Eighteenth street in the city of New York, at which time the said deed will be delivered, then this contract to be void and of no effect." The complainant claimed that the deeds, although absolute in form, were, in fact, mortgages. The respondent contended that the deed of March 2, 1897, to him was for the purpose of foreclosing and putting an end to the equity of redemption of the complainant, and that the agreement of that date was for the purpose of enabling the complainant to purchase the estate on the terms therein stated. The cause was heard by the full bench on issues of fact on oral testimony and a decree entered dismissing the bill. Thereupon the complainant moved, under the provisions of Gen. Laws R. I. cap. 246, § 2, that the decree be set aside and the cause reheard. Heard on motion, and motion denied.

STINESS, C. J.   The motion to set aside the decree must be denied.   The deed of June 20, 1896, from the complainant to the respondent was a mortgage by reason of the express terms of the contemporaneous agreement of defeasance. The money due thereunder was not paid according to its terms, and on March 2, 1897, the complainant gave another deed of release and quitclaim of the premises to the respondent, taking back another agreement in which the complainant agreed to purchase and the respondent to sell said land to the complainant by the payment of a certain sum on April 15, 1897.   The agreement also stipulated that the payment of said sum on said day "without further delay, is a material consideration moving unto the party of the first part in the making of this agreement, that if said money be not so paid on said day before three o'clock, at 314 East 18th street, in the city of New York, at which time the deed will be delivered, then this contract to be void and of no effect."   Notwithstanding this agreement and conveyance, the complainant claims that the respondent still holds only a mortgage on the property, which he is entitled to redeem.

(1)      Most of the cases cited by the complainant are those where the only question was whether an original deed was equitably a mortgage, by reason of an agreement of defeasance on payment of a loan for which the deed was security.   In such cases courts have held that the deed did not become absolute simply upon default, but that once a mortgage it remained a mortgage.   Undoubtedly this proposition is correct at any time prior to foreclosure, because a deed cannot be a mortgage at one time and an absolute deed at another.   If the case before us only embraced the first deed, with the agreement of defeasance, the complainant would be entitled to redeem.   But that is not the case.   A second deed was made by the complainant and a second agreement made between the parties, after default under the first agreement.   The complainant claims that the second deed and agreement were intended to be a mortgage.   The court did not find this to be so, as a question of fact, for several reasons.   It would have been an idle ceremony to execute the new deed and agree-

ment simply to continue a mortgage for the same debt and security. The complainant testifies that the respondent had started or threatened proceedings, in consequence of which the new papers were made. The plaintiff also testifies that he knew that he released all possible rights in the quitclaim deed of March 2nd, 1897, and that he had a contract by which he agreed to purchase the land as stated. It would be difficult to draw a contract more explicit or more conclusive of the rights of the parties. The situation and intent of the parties are clear. Default had been made in paying the mortgage debt some weeks before. The mortgagee was adverse to further delay, and was about to take some sort of proceedings. It was therefore agreed that the complainant should release all his rights in the property, which was only a right of redemption as mortgagor, and vest the title absolutely in the respondent ; in consideration of which the latter should give the complainant a right to purchase the estate within a time expressly limited and declared to be material, after which the agreement was to be null and void. The complainant also agreed to purchase the estate on the terms named, thus showing that he did not understand that it was any longer held merely as security for his debt.

Under such circumstances there can be no doubt of the absolute title in the grantee.

In *Trull* v. *Skinner*, 17 Pick. 213, it was held, in an opinion by Shaw, C. J., that the mere cancellation of the defeasance, by mutual consent, with intent to vest the estate in the grantee under the first deed, and the taking of a new agreement for a conveyance to the mortgagor, vested the estate absolutely in the mortgagee. His reasoning was that the cancellation did not operate by way of transfer or release, as in the case now before us, but by way of estoppel from the voluntary surrender of the legal evidence by which alone the claim could be supported.

In *Flagg* v. *Mann*, 14 Pick. 467, a conveyance with an agreement for a resale was held not to be a mortgage because there was no loan and the property was not held by the grantees for security, but simply under a contract of resale.

In *Falis* v. *Conway*, 7 Allen, 46, where a bond of defeasance was executed by the grantee of land to the grantor, which was afterwards surrendered and a new bond given upon a consideration partly new, by which the grantee agreed to reconvey upon the payment within an additional time of a larger sum, it was held that the grantor thereby abandoned his title as mortgagor and that the grantee became owner of the land in fee. *Wallace* v. *Johnstone*, 129 U. S. 58, holds that a deed absolute in form does not operate as a mortgage merely by force of an agreement to reconvey at a fixed price within a specified time, unless the attendant circumstances show it to have been intended as security for a loan. See also *Waterman* v. *Banks*, 144 U. S. 394 ; *Henley* v. *Hotaling*, 41 Cal. 22.

In *Vanderhaize* v. *Hugues*, 13 N. J. Eq. 244, cited by the complainant, the question was whether the right to redeem existed after the time limited in the defeasance had expired. The court held that it did, but added : "The right may be surrendered, *Saxton*, 534 ; 4 Kent's Com. 143 ; or be barred by foreclosure."

The case of *Wilson* v. *Giddings*, 28 Ohio St. 554, cited by the complainant, comes nearest to the case at bar, and still it is quite different. Wilson, holding a mortgage given by Harbeck, assigned it to Giddings as security for a loan. Afterwards Giddings wanted his money, and it was agreed that he should foreclose the mortgage, Wilson paying the expense, and that Giddings should also bid in the property at a sheriff's sale, taking a deed in his own name and entering into an agreement in writing with Wilson that, on a day named, Wilson should pay to Giddings another amount secured by mortgage and the consideration of the sheriff's deed, and that Giddings should then convey the property to Wilson. · The court held that, under the circumstances, Giddings received the sheriff's deed in trust for Wilson and held it as a mortgage security, subject to redemption. In that case the court found as a fact that the title under the sheriff's deed was taken as security for the consideration of the deed and other money loaned by Giddings to the plaintiff. The present case

is quite different. Here the transaction was, as evidenced by the second deed and agreement, that the mortgage relation was to cease; that the respondent was to become the absolute owner of the property by the voluntary transfer by the complainant of all his remaining right in the property, upon condition that he should have the further right to purchase it within a fixed time. This condition was not fulfilled by the complainant, and he has therefore no right, as mortgagee or otherwise, to ask for a further time either to purchase or redeem.

*C. E. Champlin*, for complainant.
*William P. Sheffield, Jr.*, for respondent.